**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MAURICE MORRELL STEWART,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-CV-195-TCK-TLW** |
| | ) | |
| **DAVID PARKER, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner is a state prisoner and appears *pro se*. Respondent filed a response (Dkt. # 9) to the petition, and provided the state court record necessary for resolution of Petitioner's claims (Dkt. #s 9, 10, 11, 12). Petitioner did not file a reply. For the reasons discussed below, the Court finds the petition shall be denied.

### BACKGROUND

On January 8, 2004, Walter Meisenheimer, Hosea Fletcher, and Charles "Mike" Tannahill, all management employees of the Homeland grocery store in Sand Springs, Oklahoma, observed a customer, later identified as Petitioner Maurice Morrell Stewart, put several items into a jacket that was draped over his right arm. As Petitioner exited the check-out lane after paying for a candy bar, Tannahill said, "Excuse me, sir." Petitioner reacted by slashing at him with a utility knife. Meisenheimer walked beside Petitioner and asked if he could have a word with him. Petitioner kept walking. Meisenheimer touched Petitioner's arm and said, "Sir I really need to talk to you." Petitioner reacted by slashing at and cutting Meisenheimer on the cheek with the utility knife. The cut was small and did not require medical attention. The three employees followed Petitioner out

of the store and watched him get into the passenger side of a pickup truck and leave the parking lot. Tannahill wrote down a description of the truck and the license tag number. Sand Springs Police Officer William Brown responded to the dispatch and, after talking to the Homeland employees, ran a records check on the tag number. He proceeded to the address linked to the tag. The pickup truck and its driver were found at the address. The driver took the police officer and other law enforcement officials to a different address where Petitioner was present and was arrested. Meisenheimer positively identified Petitioner as the man who had been at the Homeland store.

As a result of those events, Petitioner was charged with Assault and Battery With a Dangerous Weapon (Count 1), Assault With a Dangerous Weapon (Count 2), and Petit Larceny (Count 3), all After Former Conviction of Two or More Felonies, in Tulsa County District Court, Case No. CF-2004-138. A jury trial, held May 11-12, 2004, ended in a mistrial. At the conclusion of the first stage of the second jury trial, held September 8-9, 2004, the jury returned verdicts of guilty on both Count 1 and the lesser included offense of Simple Assault on Count 2. Petitioner was acquitted on Count 3. At the conclusion of the second stage, the jury found Petitioner guilty after former conviction of two or more felonies.[1] On October 25, 2004, the trial judge sentenced Petitioner in accordance with the jury's recommendation to eighty-eight (88) years imprisonment on Count 1 and a fine of $10,000. The trial judge also sentenced Petitioner to thirty (30) days incarceration on Count 2, to be served concurrently with Count 1. Petitioner was represented during his second jury trial by attorneys Patrick Adams and Sharon Holmes.

Petitioner filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Billy Baze, he raised the following five (5) propositions of error:

---

[1]      The State presented evidence of ten (10) prior felony convictions.

Proposition 1:  Mr. Stewart's convictions must be reversed because the prosecutor's use of two peremptory challenges was racially motivated.

Proposition 2:  The introduction of evidence about probation and parole resulted in an inflated sentence.

Proposition 3:  The trial court erred by failing to instruct the jurors not to consider the effect of pardon and parole on Appellant's sentence after the jury sent two notes asking about the issue.

Proposition 4:  Appellant received an excessive sentence.

Proposition 5: The cumulative effect of all the errors deprived Appellant of a fair trial.

See Dkt. # 9, Ex. 1.  In an unpublished summary opinion filed November 16, 2005, in Case No. F-2004-1114 (Dkt. # 9, Ex. 3), the OCCA rejected all five (5) claims and affirmed the Judgment and Sentences of the trial court.

On April 21, 2006, Petitioner filed an application for post-conviction relief in the state district court. By order filed May 24, 2006, the state district court denied relief.  Petitioner filed a post-conviction appeal in the OCCA.  By order filed September 22, 2006, in Case No. PC-2006-665 (Dkt. # 9, Ex. 4), the state appellate court affirmed the denial of post-conviction relief on the following seven (7) claims:

Ground 1:  Petitioner was the subject of arrest without probable cause and such required suppression of certain evidence.

Ground 2:  There was insufficient evidence to convict Petitioner of the felony offense.

Ground 3:  Petitioner's convictions violate equal protection.

Ground 4:  Petitioner was denied effective assistance of trial counsel.

Ground 5:  Petitioner was denied effective assistance of appellate counsel.

Ground 6:  Petitioner's constitutional rights were violated when he was illegally seizured [sic] by Tulsa County Police Officers.

Ground 7:   The cumulative [sic] effect of errors denied to the Petitioner his constitutional rights to a fair hearing/proceeding.

See Dkt. # 9, Ex. 4; see also Dkt. # 1, attached order.

On January 10, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1), along with a supporting brief (Dkt. # 2), in the United States District Court for the Western District of Oklahoma.  On April 4, 2007, the case was transferred to this District. In his supporting brief (Dkt. # 2), Petitioner identifies eleven (11) grounds for relief, as follows:

Ground 1:   The prosecutor's use of two peremptory challenges was racially motivated and thereby denied to Petitioner his constitutional rights to due process and equal protection of the laws.

Ground 2:   The introduction of evidence about probation and parole resulted in an inflated sentence and denied to Petitioner the right to due process and equal protection of the laws.

Ground 3:   Petitioner received an excessive sentence in violation of his rights to due process and equal protection of the laws.

Ground 4:   Petitioner was denied his constitutional rights to due process and equal protection of the laws when the trial court erred by failing to instruct the jurors not to consider the effect of pardon and parole on Petitioner's sentence after the jury sent two (2) notes asking about the issue.

Ground 5:   Petitioner's Fourth and Fourteenth Amendment rights where [sic] violated when he was arrested without probable cause.

Ground 6:   The state district court failed to present sufficient evidence to support the oval [sic] act of the crime.

Ground 7:   Petitioner's constitutional rights to due process and equal protection of the laws was [sic] violated when he was charged with two counts of assault and battery with a dangerous weapon and the court dropped the weapon charge in Count II and convicted him of having a weapon in Count I.

Ground 8:   Petitioner was denied his constitutional rights to the effective assistance of counsel in violation of his rights under the Sixth Amendment.

4

Ground 9:      Petitioner was denied his constitutional rights to the effective assistance of appellate counsel.

Ground 10:     Petitioner's constitutional rights were violated when he was illegally seizured [sic] by the Tulsa County police officers. 4th Amend.

Ground 11[2]:  The cumulative effect of errors denied to the Petitioner his constitutional rights to a fair hearing/proceeding.

See Dkt. # 2.  In response to the petition, Respondent asserts that Petitioner's claims are not cognizable in these proceedings, or do not justify relief under 28 U.S.C. § 2254(d), or are procedurally barred. See Dkt. # 9.

## ANALYSIS

### A.      Exhaustion/Evidentiary Hearing

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b) and (c).  See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted available state court remedies for his habeas corpus claims. See Dkt. # 9 at 2.  However, the Court notes that the constitutional bases for relief asserted in grounds 2, 3, and 4 were not presented to the OCCA on direct appeal. In seeking relief on those grounds, Petitioner relied on state law only. As a result, the constitutional bases identified in grounds 2, 3, and 4 are unexhausted.  Nonetheless, the Court is not precluded

---

[2]      The eleventh proposition of error is identified as "Proposition VII" in the supporting brief. See Dkt. # 2 at 26.

from denying relief on the merits.[3]  28 U.S.C. § 2254(b).  The remainder of Petitioner's grounds for relief were presented to the OCCA on either direct or post-conviction appeal and are exhausted.

In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing.  See Williams v. Taylor, 529 U.S. 420 (2000).

**B.      Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, a petitioner may obtain federal habeas relief from a state court's adjudication of a claim, only if the state decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  See Bell v. Cone, 535 U.S.

---

[3]      Grounds 2, 3, and 4 in the supporting brief (Dkt. # 3) correspond to propositions 2, 3, and 4 on direct appeal.  On direct appeal, Petitioner argued only state law bases for relief. However, in the titles of habeas grounds 2, 3, and 4, Petitioner adds the terms "due process" and "equal protection." In the text of his habeas arguments, Petitioner repeats the state law arguments asserted on direct appeal and makes no legal argument and offers no factual support for his claims that he was denied due process and equal protection of the laws. To the extent Petitioner claims he was denied a fundamentally fair trial in violation of due process, his claims will be considered and denied on the merits.  28 U.S.C. § 2254(b). However, Petitioner has forfeited the undeveloped equal protection claims and they will not be considered.  Fox v. Ward, 200 F.3d 1286, 1294 (10th Cir. 2000) ("[F]ailure to develop this aspect of his legal argument, supported by relevant authority, effects a forfeiture of the claim.").

685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002).  Furthermore, the

"determination of a factual issue made by a State court shall be presumed to be correct.  The

applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence." 28 U.S.C. § 2254(e)(1).  In this case, the OCCA adjudicated Petitioner's claims asserted

in grounds 1, 2, 3, 4, and 11 on direct appeal. In addition, the OCCA adjudicated Petitioner's claims

of ineffective assistance of trial and appellate counsel (grounds 8 and 9) on post-conviction appeal.

Therefore, to the extent those claims are cognizable, they  shall be reviewed pursuant to § 2254(d).

### 1.  Racially motivated peremptory challenges (ground 1)

As his first proposition of error, Petitioner, who states that he is an African-American, see

Dkt. # 3, alleges that the prosecutor improperly exercised two peremptory challenges on the basis

of race.  On direct appeal, the OCCA cited Neill v. State, 896 P.2d 537, 546 (Okla. Crim. App. 1994)

(applying Batson v. Kentucky, 476 U.S. 79 (1986), to claim attacking peremptory challenges), and

denied relief, finding that "[t]he prosecutor stated sufficiently race neutral reasons to support his use

of peremptory challenges."  See Dkt. # 9, Ex. 3.

In order to establish an equal protection violation under Batson, Petitioner must be able to

prove that the prosecutor intentionally discriminated on the basis of race when exercising his

peremptory challenges. See Sallahdin v. Gibson, 275 F.3d 1211, 1225-26 (10th Cir. 2002).  The

disposition of a Batson claim raised in a habeas corpus petition is a question of fact subjected to the

standard enunciated in 28 U.S.C. § 2254(d)(2). Id. at 1225 (citing Weaver v. Bowersox, 241 F.3d

1024, 1029-30, 1031 (8th Cir. 2001)). This Court presumes the state courts' factual findings are

correct unless they are rebutted by clear and convincing evidence. Id.; 28 U.S.C. § 2254(e)(1).

Petitioner has not met that burden in this case. The trial record reflects that defense counsel objected

to the prosecutor's peremptory challenges as to two African-American jurors, Ms. Pearson and Ms. Hawkins. In response to defense counsel's objection, the prosecutor explained that Ms. Hawkins was removed because she "said she was classmates with Sharon [Holmes]," see Dkt. # 11, Tr. Trans. at 98, and Ms. Pearsons was removed because "she was very confused as to what I meant by punishment and fixing punishment after judgment," see id. at 97. Petitioner has failed to show that these reasons were pretextual. Nor do the prosecutor's proffered reasons for striking the African-American prospective jurors appear illogical or unpersuasive. Therefore, the Court finds Petitioner has not presented clear and convincing evidence demonstrating that the prosecution purposefully discriminated on the basis of race when exercising its peremptory strikes. As a result, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d)(2), (e)(1).

### 2. Evidence of probation and parole (ground 2)

As his second ground of error, Petitioner complains that during the second stage of his trial, the trial court allowed the State to introduce unredacted Judgments and Sentences reflecting his ten prior convictions. According to Petitioner, some of the Judgments and Sentences contained information about the sentences, including statements that the sentences were "suspended" or involved "supervised probation," improperly suggesting to the jury that Petitioner served less time than the time to which he had been sentenced. On direct appeal, Petitioner asserted an alternative argument that his attorney provided ineffective assistance in failing to request redaction of the Judgments and Sentences. That claim of ineffective assistance of trial counsel is not raised in this habeas corpus action. See Dkt. # 2. In rejecting the claim on direct appeal, the OCCA ruled as follows:

The State presented admissible and sufficient evidence to support Stewart's prior convictions. *Stinson v. State*, 1987 OK CR 147, ¶ 5, 739 P.2d 541, 542 (proof of prior convictions is shown by introduction of certified copies of Judgment and Sentences and proper identity of the person). Stewart received effective assistance of counsel and has not shown prejudice from his counsel's failure to request redaction of the sentences from those Judgment and Sentences. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (to establish ineffective assistance, the defendant must show deficient performance and resulting prejudice); *Banks v. State*, 2002 OK CR 9, ¶ , 43 P.3d 390, 402 (to prove prejudice, the defendant must show that absent the alleged error, the outcome of the proceeding would have been different). Proposition Two does not warrant relief.

(Dkt. # 9, Ex. 3).

"In a habeas proceeding claiming a denial of due process, 'we will not question the evidentiary . . . rulings of the state court unless [the petitioner] can show that, because of the court's actions, his trial, as a whole, was rendered fundamentally unfair.'" Maes v. Thomas, 46 F.3d 979, 987 (10th Cir.1995) (quoting Tapia v. Tansy, 926 F.2d 1554, 1557 (10th Cir. 1991)). "[W]e approach the fundamental fairness analysis with 'considerable self-restraint.'" Jackson v. Shanks, 143 F.3d 1313, 1322 (10th Cir. 1998) (quoting United States v. Rivera, 900 F.2d 1462, 1477 (10th Cir. 1990) (*en banc*)). A proceeding is fundamentally unfair under the Due Process Clause only if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973) (internal quotation omitted); see also Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002).

Petitioner presents no evidence that the admission of the unredacted documents rendered his trial fundamentally unfair. The State presented evidence of ten (10) prior felony convictions. As a result, Petitioner faced a sentence of up to life imprisonment. See Okla. Stat. tit. 21, § 51.1(C). Thus, Petitioner's sentence was below the maximum sentence allowed under state law in spite of the unredacted information given to the jury. Petitioner's due process claim lacks merit and shall be denied. 28 U.S.C. § 2254(b)(2).

### 3.  Excessive sentence (ground 3)

As his third ground of error, Petitioner complains that his sentence is excessive.  Petitioner

requests modification of his sentence, arguing that his sentence does not bear a direct relationship

to the nature and circumstance of the offense.  See Dkt. # 2. The OCCA rejected this claim, citing

Rea v. State, 34 P.3d 148, 149 (Okla. Crim. App. 2001), and finding that "the sentence imposed for

Count 1 was not excessive."  See Dkt. # 9, Ex. 3.

In response to the petition, Respondent asserts that Petitioner's challenge to the length of his

sentence is a matter of state law and, without more, presents no federal constitutional issue

cognizable on federal habeas corpus review.  The Court agrees.  A federal habeas court affords

"wide discretion to the state trial court's sentencing decision, and challenges to the decision are not

generally constitutionally cognizable, unless it is shown that the sentence imposed is outside the

statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000).

Habeas corpus review generally ends "once we determine the sentence is within the limitation set

by statute." Id. Under Oklahoma law, the maximum sentence faced by Petitioner on his conviction

for Assault and Battery With a Dangerous Weapon, After Former Conviction of Two or More

Felonies, was life imprisonment. See Okla. Stat. tit. 21, § 51.1(C). The eighty-eight (88) year

sentence received by Petitioner was within the statutory range provided by Oklahoma law.  He is

not entitled to habeas corpus relief on this claim.

### 4.  Failure to instruct (ground 4)

As his fourth proposition of error, Petitioner claims that the trial court erred by failing to

instruct the jury not to consider the effect of pardon and parole on Petitioner's sentence after the jury

sent two (2) notes asking about the issue. On direct appeal, the OCCA cited Beets v. State, 449 P.2d

903, 906 (Okla. Crim. App. 1969), and found that "[t]he trial court did not err by refusing to instruct the jury not to consider the effect of pardon and parole." See Dkt. # 9, Ex. 3.

Federal habeas corpus relief is not available for alleged errors of state law, and, when an allegedly erroneous instruction is given, this Court examines only "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). Stated another way, "'[h]abeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense.'" Shafer v. Stratton, 906 F.2d 506, 508 (10th Cir. 1990) (quoting Brinlee v. Crisp, 608 F.2d 839, 854 (10th Cir. 1979)). Furthermore, where a petitioner challenges the trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error. Tyler v. Nelson, 163 F.3d 1222, 1227 (10th Cir. 1999). The burden on a petitioner attacking a state court judgment based on a refusal to give a requested jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995) (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

"A habeas petitioner is only entitled to relief . . . for alleged violations of federal rights, not for errors of state law." Bullock v. Carver, 297 F.3d 1036, 1055 (10th Cir. 2002) (citation omitted). The Supreme Court, however, has previously noted with approval that "[m]any state courts have held it improper for the jury to consider or to be informed-through argument or instruction-of the possibility of commutation, pardon, or parole." California v. Ramos, 463 U.S. 992, 1014 n. 30

(1983) (citing cases); see also Simmons v. South Carolina, 512 U.S. 154, 176 (1994) (O'Connor, J., concurring) ("The decision whether or not to inform the jury of the possibility of early release is generally left to the States. In a State in which parole is available, the Constitution does not require (or preclude) jury consideration of that fact."). Indeed, "it is only when the jury endeavors the moral judgment whether to impose the death penalty that parole eligibility may become critical." Shafer v. South Carolina, 532 U.S. 36, 51 (2001). Because Petitioner had no constitutional right to a jury instruction informing the jury of pardon and parole procedures, the Court concludes no due process violation occurred. The OCCA's affirmance of Petitioner's conviction and sentence therefore did not violate clearly established federal law. Petitioner is not entitled to habeas corpus relief on this claim.  28 U.S.C. § 2254(d).

### 5.  Ineffective assistance of trial counsel (ground 8)

As his eighth ground of error, Petitioner alleges that his trial counsel provided ineffective assistance when he failed to investigate the allegation that Petitioner had "cut the victim in the face." See Dkt. # 2.  In adjudicating this claim on post-conviction appeal, the OCCA noted as follows:

> [T]he state district court correctly found, "The proper standard to measure assistance of counsel is 'reasonably effective assistance.' *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 676 (1984)." In applying *Strickland*, the District Court found that neither Petitioner's trial nor appellate counsel provided Petitioner with ineffective assistance. The District Court therefore concluded that Petitioner's remaining claims were procedurally barred under the Post-Conviction Procedure Act.

(Dkt. # 11, Ex. 4 (citations to record and footnote omitted)).

Petitioner is not entitled to habeas corpus relief on his claim of ineffective assistance of counsel unless he demonstrates that the OCCA's adjudication of his claim was an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was

12

prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993).

A defendant can establish the first prong by showing that counsel performed below the level

expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88.

There is a "strong presumption that counsel's conduct falls within the range of reasonable

professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a]

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t

is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude

that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second

prong, a defendant must show that this deficient performance prejudiced the defense, to the extent

that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

proceeding would have been different.  A reasonable probability is a probability sufficient to

undermine confidence in the outcome." Id. at 694; see also Sallahdin, 275 F.3d at 1235; Boyd v.

Ward, 179 F.3d 904, 914 (10th Cir. 1999).

　　　Petitioner has not demonstrated that counsel performed deficiently in failing to investigate

his claim that he did not cut Walter Meisenheimer in the face.  Petitioner fails to identify any

evidence, other than his self-serving statement, to support his claim.  During trial, the State

introduced evidence in the form of the testimony of Meisenheimer, Tannahill, and Fletcher, that

Petitioner cut Meisenheimer in the cheek as well as photographs demonstrating that Meisenheimer

sustained a minor cut in his cheek during the altercation with Petitioner.  See Dkt. # 11, Tr. Trans.

at 136-37, 195, 221-22; State's Exs. 18 and 19.  The Court finds no factual basis for Petitioner's

claim of ineffective assistance of counsel.  He is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

### 6.  Ineffective assistance of appellate counsel (ground 9)

In his sixth proposition of error, Petitioner claims he received ineffective assistance of appellate counsel. He makes the general allegation that appellate counsel "failed to investigate and review the facts concerning 'Probable Cause,' 'Insufficient Evidence,' and 'Ineffective Assistance of Trial Counsel,' thereby, denying to this Petitioner the assistance constitutionally required to render the appellate proceeding fair."  See Dkt. # 2. The OCCA rejected this claim on post-conviction appeal, noting that the state district court had correctly adjudicated the claim under Strickland.

Nowhere in the petition or the supporting brief does Petitioner attempt to demonstrate or even allege that the OCCA's adjudication of his ineffective assistance of appellate counsel claim on post-conviction appeal was an unreasonable application of Strickland.   Nonetheless, in evaluating a claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged standard used for general claims of ineffective assistance of trial counsel.  See United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook, 45 F.3d at 392-93).

14

None of the omitted issues identified by Petitioner is meritorious. First, Petitioner alleges that appellate counsel provided ineffective assistance in failing to raise his claims that he was arrested without "probable cause" and illegally seized.  See Dkt. # 2, Grounds 5 and 10. Probable cause for an arrest exists if, "at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964) (citations omitted); see also Michigan v. DeFillippo, 443 U.S. 31, 37 (1979). In this case, the detailed probable cause affidavit, see Dkt. # 12 (redacted Ex. 6), reflects that Petitioner was arrested based on the arresting officer's knowledge of sufficient facts and circumstances demonstrating that Petitioner had committed an offense.  The victims of the assaults at the Homeland store were able to give Officer William Brown a detailed description of their assailant and the pickup truck he got into in the store parking lot, as well as the truck's tag number. See id. Officer Brown ran a records check on the tag number and went to the address generated by the records check. Id. Both the pickup truck and the driver of the pickup truck, Damon Downing, were at the address. Id. Downing directed Officer Brown to the address where he had taken Petitioner after leaving the Homeland store. Id. Officer Brown found Petitioner at the address provided by Downing. Id. Petitioner was arrested. Id. Walter Meisenheimer positively identified Petitioner as the man who had been at the Homeland store. Id. Based on that record, Officer Brown had "probable cause" to arrest Petitioner.  Petitioner's challenges to his arrest as being based on a "hunch and/or suspicion" are patently without merit. Appellate counsel did not perform deficiently in failing to raise these claims on direct appeal.

Next, Petitioner alleges that appellate counsel performed deficiently in failing to challenge the sufficiency of the evidence.  He claims there is "no evidence that he actually cut anyone during the time he was in the store or outside of the store," and "no evidence showing that this alleged altercation even occurred."  See Dkt. # 2, Ground 6.  Petitioner's argument is premised on the absence of photographs from the store's security system supporting the victims' testimony. However, the absence of photographs was addressed at trial. Walter Meisenheimer, the store manager, testified that the surveillance photographs are taken at three-second intervals and that the cameras' positions do not cover the entire store.  See Dkt. # 11, Tr. Trans. at 144-45.  As a result, the assaults were not captured by the cameras because none was focused in the area of the store where the assaults occurred. Id. at 183. Contrary to Petitioner's argument, the Court finds that "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). In evaluating the evidence presented at trial, the Court does not weigh conflicting evidence or consider witness credibility.  Wingfield v. Massie, 122 F.3d 1329, 1332 (10th Cir. 1997); Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996).  Instead, the Court must view the evidence in the "light most favorable to the prosecution," Jackson, 443 U.S. at 319, and "accept the jury's resolution of the evidence as long as it is within the bounds of reason."  Grubbs v. Hannigan, 982 F.2d 1483, 1487 (10th Cir. 1993). Petitioner's jury heard the testimony of Meisenheimer indicating that Petitioner slashed at him with a utility knife resulting in a cut on his cheek. See Dkt. # 11, Tr. Trans. at 135-37. That evidence alone is sufficient to support his conviction for Assault and Battery With a Dangerous Weapon.  Furthermore, the jury heard the testimony of Charles Tannahill indicating that Petitioner threatened to slash him with a utility knife.  See id. at

16

190-93. That evidence is sufficient to support Petitioner's conviction for Simple Assault. Therefore, Petitioner's challenge to the sufficiency of the evidence is meritless. Appellate counsel did not perform deficiently in failing to raise the claim on direct appeal.

Lastly, Petitioner complains that appellate counsel failed to raise a claim of ineffective assistance of trial counsel on direct appeal. The Court has determined above that Petitioner's claim of ineffective assistance of trial counsel as asserted in Ground 8 lacks merit. Therefore, appellate counsel did not perform deficiently in failing to raise the claim on direct appeal. The Court further notes that Petitioner cannot demonstrate "prejudice" because the OCCA adjudicated the claim of ineffective assistance of trial counsel on post-conviction appeal.

Having failed to demonstrate that the OCCA unreasonably applied Strickland to his post-conviction claim of ineffective assistance of appellate counsel, Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

### 7. Cumulative error (ground 11)

As his eleventh proposition of error, Petitioner alleges that the cumulative effect of trial errors deprived him of a fair trial. See Dkt. # 2. The OCCA rejected this claim, citing Lott v. State, 98 P.3d 318, 357 (Okla. Crim. App. 2004), and finding that "Stewart's cumulative error argument fails." See Dkt. # 9, Ex. 3.

The Tenth Circuit Court of Appeals has repeatedly held that cumulative error analysis is applicable only where there are two or more actual errors. Workman v. Mullin, 342 F.3d 1100, 1116 (10th Cir. 2003). Cumulative impact of non-errors is not part of the analysis. Le v. Mullin, 311 F.3d 1002, 1023 (10th Cir. 2002) (citing United States v. Rivera, 900 F.2d 1462, 1471 (10th Cir. 1990)). Having rejected each of Petitioner's habeas claims, the Court finds no basis for a cumulative error

analysis. The OCCA's resolution of Petitioner's cumulative error claim was not an unreasonable application of federal law.  Petitioner is not entitled to relief on this ground. 28 U.S.C. § 2254(d).

**C.  Procedural bar (grounds 5, 6, 7, and 10)**

Respondent asserts that grounds 5, 6, 7, and 10 are procedurally barred as a result of Petitioner's failure to raise the claims on direct appeal. See Dkt. # 9. The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991).  "A state court finding of procedural default is independent if it is separate and distinct from federal law."  Maes, 46 F.3d at 985.  A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'"  Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)). The Tenth Circuit has recognized that "Oklahoma's procedural rule barring post-conviction relief for claims petitioner could have raised on direct appeal constitutes an independent and adequate ground" barring federal habeas corpus review. Sherrill v. Hargett, 184 F.3d 1172, 1175 (10th Cir. 1999).

Petitioner did not file a reply and has not, therefore, acknowledged Respondent's procedural bar defense or challenged independence and adequacy of the procedural bar. See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (defendant bears burden of contesting independence and

adequacy of state procedural bar once state has asserted the affirmative defense). Nonetheless, the Court finds the procedural bar applicable to Petitioner's claims is independent and adequate to preclude habeas corpus review. The procedural bar applied to Petitioner's claims first raised on post-conviction appeal was based on Okla. Stat. tit. 22, § 1080 et seq., and was both independent and adequate. Sherrill, 184 F.3d at 1175.

This Court may not consider Petitioner's procedurally barred claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

The Court recognizes that in certain circumstances, appellate counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray, 477 U.S. at 488-89. However, the ineffective assistance of appellate counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this case, Petitioner did raise a claim of ineffective assistance of appellate counsel on post-conviction appeal. However, the Court

19

has determined above that appellate counsel did not provide ineffective assistance in failing to raise grounds 5, 6, and 10 on direct appeal. As to those claims, Petitioner has failed to demonstrate "cause" to overcome the procedural bar. Furthermore, he offers no explanation for his failure to raise his claim identified in ground 7 on direct appeal. As a result, he has failed to demonstrate "cause" as to that claim.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception to the procedural bar doctrine is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. "The exception is intended for those rare situations 'where the State has convicted the wrong person of the crime. . . . [Or where] it is evident that the law has made a mistake.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (citation omitted). Petitioner does not claim that he is actually innocent of the crimes for which he was convicted. Therefore, Petitioner has failed to demonstrate that he falls within the fundamental miscarriage of justice exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's grounds 5, 6, 7, and 10. <u>Coleman</u>, 510 U.S. at 724.  He is not entitled to habeas corpus relief on those claims.

## *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**.

**DATED** this 17th day of August, 2010.

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE